UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X
STACEY MERCER,                                                    CASE NO.: 1:20-cv-06044-LTS
*on behalf of herself and all others
similarly situated,*                                                        **FINAL DEFAULT JUDGMENT AGAINST GREEN MOUNTAIN LODGING, INC. d/b/a Adirondack Spruce Lodge**

    Plaintiff,

    v.

GREEN MOUNTAIN LODGING, INC.
d/b/a Adirondack Spruce Lodge,
*a New York corporation*,

    Defendant.
--------------------------------------------------X

    This action having been commenced on August 3, 2020, by the filing of a summons and complaint, and a copy of the Summons and Complaint having been served on Defendant GREEN MOUNTAIN LODGING, INC. d/b/a Adirondack Spruce Lodge, on August 14, 2020, and with proof of service filed on August 18, 2020, and said Defendant not having answered the complaint and the time for answering the complaint having expired, it is hereby

    **ORDERED, ADJUDGED AND DECREED**, as follows:

 1. That Plaintiff has Judgment against Defendant GREEN MOUNTAIN LODGING, INC. d/b/a Adirondack Spruce Lodge, to correct the following violations of the ADA Accessibility Guidelines 28 C.F.R Part 36 (ADAAG) within sixty (60) days (the "Remediation Order") on the Defendant's website, located at http://www.adirondacksprucelodge.com/home.html (the "Website"):

  a. The Website homepage says nothing about the accessibility of the Hotel, the rooms or the Hotel amenities. A page entitled *Accommodations* contains a general blanket statement that an available room is mobility accessible with no description of what

        ADA accessible features the rooms has. The *book now* functions do not include an option to search for ADA accessible rooms. It is possible to view a more detailed description of available rooms on the booking page; however, none of these more detailed descriptions includes any detailed description of what ADA accessible features the rooms have. There is no ability to book an accessible room at any point prior to payment, and there is no filter on the search page with options for accessible rooms or features.

b. The Website also has insufficient accessibility information concerning common areas and amenities. Likewise, the Website does not indicate that the Hotel is in full compliance with all 1991 Standards, or, in the alternative:

    i. Whether the public entrance to the Hotel complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

    ii. Whether the registration desk at the Hotel complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

    iii. Whether any parking facilities, lots, or other parking accommodations at the Hotel comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and the Class can evaluate whether they are accessible to them;

    iv. Whether any food and beverage service areas at the Hotel comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and the Class can evaluate whether they are accessible to them;

    v. Whether the route from the public entrance to the registration desk is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

    vi. Whether the route from the registration desk to the accessible rooms is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

    vii. Whether the route from the public entrance to any food and beverage service area is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them; and

    viii. Whether the route from the accessible guestrooms to any food and beverage service area is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them; and it is further

2. That the subject facility, located at 5675 NYS Route 86, Wilmington, New York 12997, which is currently leased, owned and operated by Defendant GREEN MOUNTAIN LODGING, INC. d/b/a Adirondack Spruce Lodge, shall be closed to the general public with all business operations ceased until Defendant fully comply with the terms of this Order.

3. That within sixty (60) days after entry of this Judgment, Defendant shall serve and file with this Court notice and evidence of its compliance with the terms hereof.

4. That the Court reserves jurisdiction to enforce the terms of this Judgment as set forth above, and upon full compliance by Defendant of the foregoing to hold such further proceedings as necessary to affix and award Plaintiff's damages, as well as, her attorneys' fees, costs and litigation expenses incurred through the date of Defendant's full compliance.

Dated: New York, New York
_____, 2020

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
HON. LAURA TAYLOR SWAIN